IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

VIRGIL PURNELL                                                                          PLAINTIFF

VS.                                                                    CASE NO.: 4:18CV247-MPM-RP

DEVINEY CONSTRUCTION COMPANY, INC.
and RICHARD BLACK, INDIVIDUALLY                                                       DEFENDANTS

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, Virgil Purnell (hereinafter "Plaintiff"), by and through the undersigned counsel, brings this action and Complaint for damages and demand for jury trial against Defendants, Deviney Construction Company, Inc. (hereinafter "Deviney") and Richard Black, Individually (hereinafter Mr. Black") and collectively referred to as "Defendants" and states as follows:

### JURISDICTION

1. The jurisdiction of this court is invoked pursuant to Title I of the Americans with Disabilities Act ["ADA," 42 U.S.C. §12101 *et. seq*], Sections 503 and 504 of the Rehabilitation Act of 1973 ["Rehabilitation Act" or "Sections 503 and 504," 29 U.S.C. §701 *et. seq.*], the Family Medical Leave Act, as amended ["FMLA", 29 U.S.C. §2601, *et. seq.*]. As such, the Court has original jurisdiction over this complaint pursuant to 28 U.S.C. §§1331 and 1337.

2. The United States District Court for the Northern District of Mississippi has subject matter jurisdiction over this suit under the provisions of 29 U.S.C. §2601, et seq. because this suit raises federal questions under the FMLA.

## VENUE

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred within the Greenville Division of the Northern District of Mississippi. Defendants conduct substantial and not isolated business within the Greenville Division of the Northern District of Mississippi and Defendants are headquartered and have agents and employees in Hinds County, Mississippi.

4. The events described in this lawsuit primarily occurred in Leflore County, Mississippi.

## PARTIES

5. Plaintiff is a resident of the State of Mississippi and resides in Carroll County.

6. Defendant, Deviney Construction Company, Inc. is a corporation headquartered in Raymond, Hinds County, Mississippi with an office in Greenwood, Leflore County, Mississippi.

7. Defendant, Richard Black is an individual who, upon information and belief, resides in Hinds County, Mississippi and is listed on Mississippi's Secretary of State's site as president of the company.

8. At all times relevant to this action, Richard Black exercised sufficient control over Mr. Purnell's employment and, as such, is individually liable under the FMLA.

## COVERAGE

9. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the ADA, FMLA and Sections 503 and 504.

10. At all times material hereto, Defendants were an "employer" covered under the ADA, FMLA and Sections 503 and 504.

11. At all times material hereto, Plaintiff was an individual with a perceived disability within the meaning of the ADA and Sections 503 and 504.

12. At all material times, Plaintiff was a qualified individual who was perceived as having a disability within the meaning of the ADA and Sections 503 and 504 of the Rehabilitation Act of 1973 that would substantially limited him in one or more major life activities.

13. Defendants qualify as a "program or activity" as defined by the Rehabilitation Act, i.e., "an entire corporation, partnership or other private organization." 29 U.S.C.A. §794(b)(3)(A).

14. Defendants receive federal contracts from the government and by doing so, have waived immunity under the Rehabilitation Act.

15. Defendants have a workforce that includes over 400 employees.

16. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he was employed by Defendants for at least 12 months and worked at least 1,250 hours during the 12-month period prior to him seeking to exercise his rights to FMLA leave.

17. At all relevant times hereto, Defendants were an employer covered by the FMLA because it engaged in commerce or in an industry affecting commerce which employed 50 or more employees for each working day during each of 20 or more calendar workweeks during the relevant time period.

18. Defendants employ more than fifty (50) employees within a 75 mile radius of its Leflore, County location.

## CONDITIONS PRECEDENT

19. Plaintiff has exhausted his administrative remedies by filing a charge of discrimination with Equal Employment Opportunity Commission ["EEOC"] on July 11, 2017.

20. On September 19, 2018, the EEOC issued Plaintiff a Dismissal and Notice of Right to Sue against Defendants with regard to this matter.

21. Plaintiff files this action within the applicable period of limitations.

22. All conditions precedent to this action have been satisfied and/or waived.

## STATEMENT OF FACTS

23. Plaintiff began his employment with Defendants on approximately June 19, 2000.

24. Plaintiff started work for Defendants as a locator and was eventually promoted to the position of supervisor.

25. Plaintiff had worked as a supervisor since January 8, 2013 and was qualified for his position with Defendants.

26. Plaintiff was working as a supervisor working on Deviney's District Delta Electric ("District DE") site.

27. Plaintiff's direct supervisor was Bobby Hurst.

28. Plaintiff went out on emergency medical leave on February 17, 2017 and was diagnosed as needing a heart valve replacement and pacemaker.

29. Plaintiff's supervisor position was given to his direct supervisor's son-in-law who had been hired less than a month before.

30. Plaintiff was never offered Family Medical Leave Act ("FMLA").

31. All personnel matters were handled by the president of the company, Richard Black.

32. Defendants appear to believe that its medical leave is consistent with the requirements of the Family Medical Leave Act and therefore does not offer FMLA to its employees.

33. Plaintiff would have been qualified to take FMLA approved medical leave if it had been offered.

34. Plaintiff was granted up to twelve (12) weeks of medical leave for his surgery and recovery.

35. Defendants discriminated and retaliated against Plaintiff by perceiving him as having a disability and not allowing him to return to work in the same or similar position as before he took medical leave.

36. On March 7, 2017, Plaintiff gave Defendants the Certificate to Return to Work ("Certificate") from his sick/medical leave.

37. Upon receipt of Plaintiff's Certificate, Plaintiff was informed by his former direct supervisor, Bobby Hurst, that he 'was not dying on one of my jobs' and was not given a date upon which he could return to work.

38. Defendants clearly perceived Plaintiff as being disabled and incapable of performing the work Plaintiff had previously been doing for the Company and made no offer to accommodate the perceived disability.

39. On April 19, 2017, Plaintiff received another Certificate that allowed him to return to work with light restrictions.

40. Again, Plaintiff returned to work and gave the Certificate to his former direct supervisor, Bobby Hurst.

41. Plaintiff was informed that there was nothing for him to do.

42. On May 17, 2017, Plaintiff was released to return to work with no restrictions at all. Plaintiff proceeded to give his former, direct supervisor, Mr. Hurst, the

Certificate the same day.

43. Mr. Hurst informed Plaintiff's wife it had already determined that there was nothing for him to do.

## COUNT I

### DISCRIMINATION IN VIOLATION OF THE REHABILITATION ACT

44. Plaintiff realleges and reincorporates paragraphs 1 to 43 as if fully set forth herein.

45. Defendants are a corporation who holds federal contracts for some of their construction projects and is covered entity for purposes of Section 503 of the Rehabilitation Act. As such, Defendants are prohibited from discriminating against any "qualified individual with a disability."

46. Plaintiff is, and was at all relevant times a qualified individual with a perceived disability.

47. Plaintiff was qualified to perform the essential functions required for his position, with or without a reasonable accommodation.

48. Plaintiff was perceived as having a disability that the employer felt would substantially limit one or more of his major life activities and/or major bodily functions.

49. Plaintiff engaged in a protected activity under the Rehabilitation Act.

50. Under the Rehabilitation Act, Defendants were legally obligated to refrain from discriminating against Plaintiff because of his perceived disability.

51. Defendants subjected Plaintiff to disparate treatment, discrimination, harassment, failure to accommodate and/or wrongfully terminated his employment because of his perceived disability in violation of the Rehabilitation Act.

52. Defendants violated the Rehabilitation Act, by, *inter alia*, the following acts:

a. Discharging or otherwise limiting, segregating, interfering with or classifying Plaintiff in a way that adversely affected the opportunities or status of Plaintiff because of his perceived disability and/or requests for accommodation;

b. Denying employment opportunities to Plaintiff because of his perceived disability and/or requests for accommodation; and

c. Subjecting Plaintiff to disparate treatment and harassment on the basis of his perceived disability and/or requests for accommodation;

53. As a result of Defendants' actions, Plaintiff has experienced and will continue to experience economic damages, including lost wages and benefits, and other forms of economic and non-economic damages, including emotional distress, anguish, pain and suffering.

54. Plaintiff is entitled to his attorney's fees and costs incurred in this matter.

55. Plaintiff is further entitled to any and all relief permitted under the Rehabilitation Act, including back pay, compensatory damages, punitive damages, attorneys' fees, costs, and other equitable relief.

## COUNT II

### DISCRIMINATION IN VIOLATION OF THE ADA

56. Plaintiff realleges and reincorporates paragraphs 1 to 43 as if fully set forth herein.

57. Plaintiff is a qualified individual under 42 U.S.C. §12111 (8) in that Defendants perceived him as having a disability. Plaintiff has the requisite ability to perform the essential functions for his position, and either held or desired to hold a position with Defendants.

58. Defendants are an "employer" within the meaning of the ADA.

59. Plaintiff was a qualified employee of Defendants.

60. Plaintiff engaged in a protected activity under the ADA.

7

61. Defendants wrongfully terminated, discriminated against, harassed and failed to accommodate Plaintiff on the basis of his perceived disability, in violation of the ADA and 42 U.S.C. §12112.

62. Plaintiff has been damaged by Defendants' violation of the ADA and suffered damages which include past and future wages and benefits, loss of professional opportunities, emotional distress, mental pain and anguish.

63. Plaintiff is entitled to his attorney's fees and costs incurred in this matter pursuant to 42 U.S.C. §12205.

64. Plaintiff is further entitled to any and all relief permitted under the ADA, 42 U.S.C. § 12117(a), including equitable relief.

## COUNT III

### RETALIATION, INTERFERENCE, COERCION AND/OR INTIMIDATION OF PLAINTIFF FOR EXERCISING RIGHTS UNDER THE REHABILITATION ACT

65. Plaintiff realleges and reincorporates paragraphs 1 to 43 as if fully set forth herein.

66. Section 503 of the Rehabilitation Act of 1973 ["Section 503," 29 U.S.C. 701 *et. Seq.*] requires that a contractor with a federal contract "take affirmative action to employ and advance in employment qualified handicapped individuals".

67. Section 504 of the Rehabilitation Act of 1973 ["Section 504," 29 U.S.C. 701 *et seq.*], requires that Defendants provide reasonable accommodations to otherwise qualified employees, such as Plaintiff with disabilities, including but not limited to transfer or reassignment to vacant positions for which the individual is qualified within the Defendants' organization.

68. During the time Plaintiff was employed by Defendants, Plaintiff engaged in protected activity under the Rehabilitation Act.

69. Plaintiff also opposed acts and practices made unlawful by the Rehabilitation Act including, but not limited to, failing to accommodate Plaintiff's perceived disability, objecting to discrimination based on his perceived disability and/or subjecting Plaintiff to disparate treatment, harassment, retaliation and/or discrimination on the basis of his perceived disability, as set forth herein.

70. Defendants retaliated and discriminated against Plaintiff for engaging in said protected activity.

71. Defendants interfered with, coerced, intimated, and retaliated against Plaintiff on account of his having exercised and/or enjoyed rights granted and/or protected by the Rehabilitation Act.

72. Defendants interfered with Plaintiff's employment by refusing to allow Plaintiff to return to work after being released by his doctor.

73. Defendants retaliated against Plaintiff by terminating his employment after he exercised a right afforded under the Rehabilitation Act.

74. Under the Rehabilitation Act, Defendants was legally obligated to refrain from retaliating against Plaintiff because of his request to return to work.

75. Under the Rehabilitation Act, Defendants were legally obligated to refrain from retaliating against Plaintiff because of his perceived disability and because of his objection to the illegal discrimination based on such perceived disability.

76. Notwithstanding this obligation under the Rehabilitation Act and in willful violation thereof, Defendants retaliated against Plaintiff because he requested to return to work, and/or because he objected to the illegal discrimination based upon his perceived disability.

77. As a direct and proximate result of Defendants' retaliation, interference, coercion and/or intimidation in violation of the Rehabilitation Act, Plaintiff has suffered

emotional and mental distress and anguish, loss of reputation, humiliation and embarrassment and suffered the physical effects associated therewith, and will so suffer in the future.

78. As a further direct and proximate result of Defendants' retaliation, interference, coercion and/or intimidation in violation of the Rehabilitation Act, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, a loss and impairment of his earning capacity and ability to work, and will so suffer in the future. He has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## COUNT IV

### RETALIATION, INTERFERENCE, COERCION AND/OR INTIMIDATION OF PLAINTIFF FOR EXERCISING RIGHTS ADA

79. Plaintiff realleges and reincorporates paragraphs 1 to 43 as if fully set forth herein.

80. Title I of the ADA, 42 USC 12111 requires that Defendants provide reasonable accommodations to otherwise qualified employees, such as Plaintiff with disabilities or perceived disabilities, including but not limited to the return to his previous position, transfer to or reassignment to vacant positions for which the individual is qualified within the Defendants' organization.

81. During the time Plaintiff was employed by Defendants, Plaintiff engaged in protected activity under the ADA.

82. Plaintiff also opposed acts and practices made unlawful by the ADA including, but not limited to, failing to accommodate Plaintiff's perceived disability and/or subjecting Plaintiff to disparate treatment, harassment, retaliation and/or discrimination on the basis of his perceived disability, as set forth herein.

10

83. Defendants retaliated and discriminated against Plaintiff for engaging in said protected activity, as set forth herein.

84. Plaintiff exercised and/or enjoyed rights granted and/or protected by the ADA, including, but not limited to, requesting a reasonable accommodation such as taking medical leave for his perceived disability and attempting to return to work after treatment, as set forth herein.

85. Defendants interfered with, coerced and intimated Plaintiff on account of his having exercised and/or enjoyed rights granted and/or protected by the ADA.

86. Defendants interfered with Plaintiff in the exercise and/or enjoyment of rights granted and/or protected by the ADA.

87. Defendants terminated Plaintiff's employment after he exercised a right afforded under ADA by refusing to allow Plaintiff to return to work after treatment.

88. Under the ADA, Defendants were legally obligated to refrain from retaliating against Plaintiff because of his request to return to his position at work.

89. Under the ADA, Defendants were legally obligated to refrain from retaliating against Plaintiff because of his objection to illegal discrimination based on his perceived disability that resulted in him not being allowed to return to work.

90. Notwithstanding this obligation under the ADA and in willful violation thereof, Defendants retaliated against Plaintiff because he requested a reasonable accommodation of a medical leave of absence and/or because he objected to illegal discrimination based on his perceived disability.

91. As a direct and proximate result of Defendants' retaliation, interference, coercion and/or intimidation in violation of the ADA, Plaintiff has suffered emotional and mental distress and anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

92. As a further direct and proximate result of Defendants' retaliation, interference, coercion and/or intimidation in violation of the ADA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, a loss and impairment of his earning capacity and ability to work, and will so suffer in the future. He has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## COUNT V

### INTERFERENCE UNDER THE FMLA

93. Plaintiff re-alleges and adopts the allegations of paragraphs 1-43 above as if fully set forth herein.

94. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

95. Defendants were Plaintiff's employer as defined by the FMLA.

96. Defendants' acts and omissions constitute interference with Plaintiff's rights under the FMLA.

97. Defendants' interference with Plaintiff's right to utilize the FMLA to take leave from work violated the FMLA.

98. As a direct, natural, proximate and foreseeable result of Defendants' intentional, willful, and unlawful acts, Plaintiff has suffered damages for which he is entitled to compensation, including, but not limited to lost wages and benefits, liquidated damages, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other non-pecuniary losses, and reasonable attorneys' fees and costs.

99. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

100. Defendants' violations of the FMLA were willful.

101. Plaintiff is entitled to recover his attorney's fees and costs pursuant to 42

U.S.C. § 2617(a)(3).

## COUNT VI

### RETALIATION UNDER THE FMLA

102. Plaintiff re-alleges and adopts the allegations of paragraphs 1-43 above as if fully set forth herein.

103. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

104. Defendant was Plaintiff's employer as defined by the FMLA.

105. Defendants discriminated and/or retaliated against Plaintiff because he exercised his rights under the FMLA.

106. Defendants have actual and constructive knowledge of the discriminatory and retaliatory conduct of Plaintiff's direct supervisor, Bobby Hurst and of the president of the company, Richard Black.

107. Defendants' acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

108. Defendants' discriminatory acts and omissions occurred, at least in part, because of Plaintiff's perceived disability and his request to return to work as covered by the FMLA.

109. Defendants' conduct in refusing to allow Plaintiff to return to work violated his right to be free from discrimination and retaliation as guaranteed by the FMLA.

110. As a direct, natural, proximate and foreseeable result of the actions of Defendants, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, liquidated damages, future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

111. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

112. Defendants' violations of the FMLA were willful.

113. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. §2617(a)(3).

114. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §2601, et seq., because Plaintiff validly exercised his rights pursuant to the FMLA and Defendants interfered with Plaintiff's right to take FMLA leave and return from such leave and discriminated against Plaintiff by not allowing him to return to work after his recovery.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for damages in an amount to be determined at trial, together with interest, cost of suit, attorneys' fees, and all such other relief as the court deems just and proper which include:

a. Declare that the aforementioned practices and actions of Defendants constitute unlawful employment practices in violation of the ADA, Section 503 and 504 and the FMLA;

b. Award Plaintiff all lost wages, past, future and other monetary damages to which he is entitled to including interest;

c. Award Plaintiff compensatory damages;

d. Award Plaintiff liquidated damages pursuant to the FMLA;

e. Award Plaintiff punitive and exemplary damages;

f. Award Plaintiff reasonable attorney's fees, costs, and interest;

g. Award Plaintiff equitable relief including, but not limited to: an injunction directing Defendants to cease its discriminatory conduct and practices; and

h. Award such other relief as this Court deems just and proper and any other relief afforded under the FMLA, ADA, Section 503 and 504.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED, this 6th day of December, 2018.

                                                      RESPECTFULLY SUBMITTED,
                                                      VIRGIL PURNELL, PLAINTIFF

                                                      *s/ Christopher W. Espy*
                                                      CHRISTOPHER W. ESPY (MSB# 102424)

                                                      Christopher W. Espy
                                                      MORGAN & MORGAN, PLLC
                                                      4450 Old Canton Road, Suite 200
                                                      Jackson, Mississippi  39211
                                                      Tel:    601-718-2087
                                                      Fax:    601-718-2012
                                                      Email:  cespy@forthepeople.com
                                                      *Attorneys for Plaintiff*